# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MITCHELL BOYIDDLE, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1381 |
| | § | |
| AMICA MUTUAL INSURANCE | § | |
| COMPANY, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion for Leave to Amend to Join Additional Defendants ("Motion to Amend") [Doc. # 18] filed by Plaintiffs Mitchell and Brenda Boyiddle. Plaintiffs seek to add Amica Lloyd's of Texas, Amica Lloyd's of Texas, Inc., Lynn Gillespie, and Scott Boyd as Defendants in this case. Because leave to amend should be freely granted and because the Court cannot find that the proposed amendment would be futile as to proposed defendants Gillespie and Boyd, the Court concludes that the Motion to Amend should be **granted** as to the joinder of these two defendants.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit in the 129th Judicial District Court of Harris County, Texas, naming Amica Mutual Insurance Company as the sole defendant. Plaintiffs

allege that they are the insureds under an Amica Homeowner's Policy. Plaintiffs also allege that they filed a claim under the policy for loss based on accidental water discharge.

Defendant removed the case to federal court on the basis of diversity jurisdiction. Plaintiffs moved to amend their complaint to add Amica Lloyd's of Texas and Amica Lloyd's of Texas, Inc., alleged co-insurers of Plaintiffs. Plaintiffs also seek to add as defendants Lynn Gillespie, the independent adjuster, and Scott Boyd, the Amica-employed adjuster. Defendants argue that the proposed joinder is improper because Plaintiffs have no viable claims against the proposed defendants.

**II.    ANALYSIS**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "lies within the sound discretion of the district court." *Parish v. Frazier*, 195 F.3d 761 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Plaintiffs seek leave to amend to add *inter alia* Texas Insurance Code claims against the adjusters who were assigned to their claim, alleging that they engaged in unfair claim settlement practices. Defendant argues that Plaintiffs' proposed joinder

of the adjusters would be futile because Plaintiffs cannot assert a viable claim against these adjusters.

To establish that joinder of the adjusters is improper, Defendant must show "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). After the Texas Supreme Court's decision in *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex. 1998), it is clear that claims under the Texas Insurance Code for unfair claims settlement practices may be asserted against adjusters who are employees of the insurer. *See Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 648 (S.D. Tex. 2002). Such claims may also be asserted against adjusters who are employed by outside adjusting firms retained by the insurer. *See Meritage Corp. v. Clarendon Nat'l. Ins. Co.*, 2004 WL 2254215 * 4, n.2 (N.D. Tex. Oct. 6, 2004).

Plaintiffs allege that adjusters Gillespie and Boyd engaged in unfair claim settlement practices in violation of the Texas Insurance Code. Specifically, Plaintiffs allege that the adjusters failed to make a good faith attempt to effectuate a prompt and fair settlement once the insurer's liability has become reasonably clear, failed to affirm or deny coverage within a reasonable time, and refusing to pay a claim without conducting a reasonable investigation. *See* Second Amended Complaint, ¶ 62.

Defendant has not shown that there is absolutely no possibility that Plaintiffs will be able to prevail on their claims against the adjusters in state court and therefore, given the preference for allowing amendments to pleadings, Plaintiffs' Motion to Amend to add these two defendants should be granted.[1]

## III. CONCLUSION AND ORDER

Leave to amend should be freely granted, particularly when the request to amend is filed during the early stages of the case. Plaintiffs have alleged viable claims against Defendants Lynn Gillespie and Scott Boyd and, therefore, Plaintiffs request to amend their complaint to add these two non-diverse defendants is proper and should be granted. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Leave to Amend to Join Additional Defendants [Doc. # 18] is **GRANTED** as to Defendants Gillespie and Boyd and **DENIED WITHOUT PREJUDICE** as to Amica Lloyd's of Texas and Amica Lloyd's of Texas, Inc.

With the joinder of the non-diverse defendants, the Court lacks subject matter jurisdiction and the case will be remanded by separate order.

---

[1] The Court expresses no opinion regarding whether the proposed joinder of Amica Lloyd's of Texas and Amica Lloyd's of Texas, Inc. should be permitted. The Motion to Amend to join these two defendants will be denied without prejudice to its being reurged in state court following remand.

SIGNED at Houston, Texas, this **20th** day of **September, 2005.**

_____
Nancy F. Atlas
United States District Judge